**MINCHUMINA NATIVES, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF THE INTERIOR, Defendant.**

**No. F0427CVJWS.**

United States District Court, D. Alaska.

April 11, 2005.

---

## ORDER FROM CHAMBERS

### [Re: Motion at docket 8]

SEDWICK, District Judge.

### I. MOTION PRESENTED

At docket 8, defendant United States Department of the Interior ("DOI") moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] on the grounds that the plaintiff Minchumina Natives, Inc. ("MNI") lacks capacity to prosecute the action. The motion is opposed at docket 14,[2] and defendant's reply is at docket 16. Oral argument has not been requested and would not be of aid to the court.

### II. BACKGROUND

On October 6, 2004, MNI filed a complaint asking the court to declare its rights with respect to land it seeks from the United States and to review a decision by defendant's Board of Land Appeals ("IBLA")[3] which determined that Minchumina Natives Incorporated[4] was ineligible for benefits available to Native Groups under the Alaska Native Claims Settlement Act ("ANCSA").[5] The IBLA decision rendered on September 7, 2004, is the most recent in a series of administrative

---

**1.** DOI's motion is less specific, citing only Rule 12(b). However, of the several subsets of motions which are authorized by Rule 12(b), the only one which fits the arguments advanced is Rule 12(b)(6) applicable to "failure to state a claim upon which relief can be granted."

**2.** *See* order at docket 15.

**3.** Doc. 1.

**4.** Note that MNI and Minchumina Natives Incorporated are not the same entity. *See* section IV below.

**5.** 43 U.S.C. § 1601 *et seq.*

and judicial decisions relating to a Native Group application made in 1976 by Minchumina Natives Incorporated.[6] MNI's complaint alleges that defendant violated the Fifth Amendment and other unspecified provisions of the Constitution as well as unspecified provisions of the United States Code when it denied the application by Minchumina Natives Incorporated.[7] This court has subject matter jurisdiction over such claims.[8]

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[9] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[10] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[11]

Where, as here, matters outside the pleadings have been presented, and not rejected by the court, the motion should be treated as one for summary judgment.[12] Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[13] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[14] Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[15] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[16] However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[17]

## IV. DISCUSSION

In ANCSA, Congress extinguished aboriginal land claims in Alaska [18] and as compensation provided for payment of

6. *See* doc. 1 at ¶¶ 9–19.

7. Doc. 1 at ¶¶ 20–25.

8. 28 U.S.C. § 1331.

9. *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir.1997).

10. *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal.1986)).

11. *Vignolo,* 120 F.3d at 1077.

12. Fed.R.Civ.P. 12(b).

13. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

14. *Celotex,* 477 U.S. at 323–325, 106 S.Ct. 2548.

15. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–9, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

16. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

17. *Id.,* 477 U.S. at 248–9, 106 S.Ct. 2505.

18. 43 U.S.C. § 1603.

nearly a billion dollars and conveyance of large tracts of land to Alaska Natives. The money,[19] some of the land,[20] and the subsurface estate in all of the land [21] was to be distributed to Alaska Regional Corporations, while the surface estate in lands surrounding individual native communities and certain additional land was to be distributed to Native Villages.[22] Provision was also made to make smaller conveyances of land to Native Groups defined as "any tribe, band, clan, village, community or village association of Natives in Alaska composed of less [sic] than twenty-five Natives, who comprise a majority of the residents of the locality." [23] An essential difference between Native Villages and Native Groups is size. Native Villages must have 25 or more members.[24]

ANCSA contemplated that Alaska Natives would form corporations pursuant to the laws of Alaska to receive title to the lands conveyed by the United States. Of particular significance to the pending motion, the Secretary of the Interior was authorized to convey lands to Native Groups incorporated under the laws of Alaska.[25]

Several facts are not disputed. First, an organization named "Minchumina Na-

tives Incorporated" [26] was organized as a corporation under the Alaska Business Corporation Act and received a certificate of incorporation dated November 6, 1975.[27] Second, Minchumina Natives Incorporated was formed for the purpose of obtaining land available to it as a Native Group, and has continued to seek such land.[28] Third, Minchumina Natives Incorporated was dissolved on September 20, 1993, for failing to file required reports and/or pay required taxes for the year 1992.[29] Fourth, Minchumina Natives Incorporated did not seek reinstatement within two years following its dissolution.[30] Fifth, MNI was organized as an Alaska non-profit corporation in December of 2004.[31]

Based on these facts, DOI contends that MNI lacks capacity to pursue this litigation. DOI's position is that Minchumina Natives Incorporated no longer exists, and it is too late for it to be re-instated. MNI argues that it may pursue the litigation on the basis of the *de facto* existence of Minchumina Natives Incorporated and a provision of Alaska law governing non-profit corporations, AS 10.20.450. MNI does not contend that Minchumina Natives Incorporated could be re-instated at this late date.[32]

19. 43 U.S.C. § 1605(c).

20. 43 U.S.C. § 1611(b).

21. 43 U.S.C. § 1613(e) and (f).

22. 43 U.S.C. § 1613(a)

23. 43 U.S.C. § 1602(d).

24. 43 U.S.C. § 1602(c).

25. 43 U.S.C. § 1613(h)(2).

26. The corporate name differs slightly from plaintiff's name, "Minchumina Natives, Inc."

27. Doc. 14, Exhibit A.

28. Doc. 14, Exh. B.

29. Doc. 8, Exh. 2.

30. According to Carol Lee Gho, who refers to Minchumina Natives Incorporated as Minchumina Natives, Inc., the corporation was relying on the regional corporation to handle all necessary paperwork. Doc. 14, Exh. B.

31. A copy of the articles of incorporation has been supplied, but no certificate of incorporation has been provided. *See* doc. 14, Exh. B. For purposes of this motion, the court assumes that MNI was incorporated in December of 2004.

32. State law permits reinstatement only for a period of two years, a period which ran out in 1995. AS10.06.633(e).

The statutory provision upon which MNI relies does not apply to Minchumina Natives Incorporated, because that corporation was not organized under the provisions of AS 10.20 governing non-profit corporations.[33] Rather, Minchumina Natives Incorporated was organized as a business corporation pursuant to AS 10.05, the Alaska Business Corporations Act, which has been replaced by AS 10.06, the Alaska Corporations Code.[34] Under the Alaska Corporations Code a corporation which has been dissolved "may not commence a court action, except for a court action under AS 10.06.675." [35] Section 675 authorizes an action to recover property improperly distributed by the corporation during the course of winding up its affairs. Clearly, it has no application here.

 Plaintiff's effort to rely on the doctrine of *de facto* incorporation also runs headlong into a statutory obstacle. When the Legislature adopted AS 10.06, it abolished the doctrine of *de facto* corporations. "The doctrines of de jure compliance, de facto corporations, and corporations by estoppel are abolished." [36]

There is another reason why MNI may not pursue the pending action. Simply stated, MNI is not the entity whose rights it would have the court adjudicate. MNI— that is Minchumina Natives, Inc.—made no application for a land conveyance. The application was made by a different corporation named Minchumina Natives Incorporated. The difference is more substantial than a slight variance between similar names. MNI is a non-profit corporation which was organized under the state's non-profit corporation statute in December

2004. Minchumina Natives Incorporated, the entity which applied for a conveyance of lands to a Native Group under ANCSA, was a business corporation organized in 1975 under a different state statute. MNI still exists. Minchumina Natives Incorporated does not.

## V. CONCLUSION

For the reasons set out above, the court concludes that DOI is entitled to judgment as a matter of law that plaintiff lacks capacity to prosecute this action. The motion at docket 8 is **GRANTED**. The Clerk will please enter judgment that plaintiff take nothing from defendant.

---

33. AS 10.20 has at all times pertinent to the case at bar existed as a separate code governing non-profit corporations.

34. Section 6, ch. 166 SLA 1988 repealed AS 10.05 effective July 1, 1989. Section 1, ch. 166 SLA 1988 added AS 10.06 effective July

1, 1989. With exceptions not pertinent here, the provisions of AS 10.06 apply to matters on or after July 1, 1989.

35. AS 10.06.678(b).

36. AS 10.06.218.